*Law Revision*

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0093-12 |
|---|---|---|
| vs. | ) ) ) ) ) | |
| ALBERT TORRES TEDTAOTAO, | ) | DECISION AND ORDER |
| Defendant. | ) ) ) ) | |

This matter came before the HONORABLE VERNON P. PEREZ on January 15, 2013 for Defendant's Motion for Reconsideration. Attorney Mikaela S. Henderson represented the Defendant. Assistant Attorney General Jesse N. Nasis appeared on behalf of the Government. The Court took the motion under advisement. Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with burglary of a motor vehicle and related crimes. Defendant moved to have the Court dismiss the case and the Court agreed. In a Decision and Order issued November 5, 2012, the Court dismissed the case without prejudice due to a speedy trial right violation. On November 6, 2012, Defendant filed a Motion to Reconsider Dismissal Without Prejudice. The Court took argument on the motion on January 15, 2013. The Court now addresses and resolves all issues remaining in this case.

## DISCUSSION

### Standard of Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted); *See also People v. Haulde*, 1999 Guam 3. GRCP Rule 60 states in relevant part:

*People v. Tedtaotao,*
Decision and Order
CF0093-12
- Page 1 of 5-

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment. GRCP Rule 60.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". [1] CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again.

In the case here, Defendant alleges that the Court made its decision in error, in part, and cites to several Guam Superior Court cases. Defendant limits the request for reconsideration solely to the Court's Decision and Order making dismissal without prejudice. Defendant argues that only dismissal with prejudice could remedy a statutory speedy trial violation.

In opposition, the Government argues that there is simply no authority that requires with prejudice dismissal. The Government also mentions that nearly all of the Superior Court decisions cited by Defendant base the respective holdings on interpretations of statutes very different from the relevant Guam statute here. One of the cases cited to that does interpret Guam statutes, *People v. Santos*, CF67-04 (Super. Ct. of Guam, 2005), granted dismissal without prejudice.

**Merits for Reconsideration**

The Court excludes discussion outside of clear court error as there is no suggestion of new evidence, fraud, void judgment or satisfied judgment. Thus, reconsideration may only be granted if the Court finds that it made a mistake in its earlier ruling. *Ward* at ¶ 10; *Haulde* at ¶ 13.

---

[1] Where the Court is left with no applicable criminal rule, the Court may apply the relevant civil rules.

## Standard for With Prejudice Dismissal

Dismissal in a criminal case shall be with prejudice when there is actual prejudice to the defendant and the defendant's ability to prepare a defense. The length of delay is the most essential factor for a trial court, but, there are other factors to consider. The United States Supreme Court stated "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restriction on his liberty". *United States v. Taylor*, 487 U.S. 326, 340 (1988). Moreover, the United States Supreme Court has recognized that "[d]ismissal without prejudice is not a toothless sanction" because "it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.* at 342. Where the violations involve both constitutional and statutory violations of the defendant's speedy trial right there is a greater likelihood for with prejudice dismissal.

While courts acknowledge the deleterious impact that pre-trial detention may have on an individual, a defendant's prolonged pre-trial confinement, alone, is not enough to show that the interests of justice weigh in favor of dismissal with prejudice. *See Barker v. Wingo*, 407 U.S. 514, 537(1972). A court should also consider the seriousness of the offense as the more serious the offense, the more weight given to dismissal without prejudice. *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). The interests of the Victim and interests of the public also play an important role in this evaluation. There are many factors to be considered when evaluating actual prejudice. Under liberty concerns, the courts should consider effects on employment, financials, social association, anxiety of the defendant, anxiety of friends and family, and public criticism. *Taylor*, 340. In combination with the overall length of delay, the Court should consider the fading memories of witnesses and deterioration of exculpatory evidence to establish actual prejudice. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

In the present case, the Court concludes that dismissal without prejudice is entirely appropriate where the circumstances support such a finding. Defendant fails to convince the Court that the only possible remedy is dismissal with prejudice as multiple United States Supreme Court decisions, cited above, discuss the ability for a court to apply the relevant

factors and decide whether to dismiss a case with or without prejudice.[2]   Defendant fails to convince the Court that the only possible remedy for a statutory speedy trial violation is dismissal with prejudice.[3]   Here, there was a pre-trial incarceration amounting to 272 days, but the majority of the time passed while Defendant waived his right to a speedy trial.  The Court also notes that Defendant's speedy trial right was only violated by five days, but it is the total length of Defendant's pre-trial incarceration and other factors that concerns the Court most.

The Court will balance the factors provided to it by the United States Supreme Court to make a determination.  Defendant has presented no support of any factor to show that actual prejudice occurred.  There are no suggestions that witnesses are now unavailable or that exculpatory evidence is now missing or deteriorated.  The Court must also consider the public interest factor and the impact on the alleged victim of dismissal with prejudice.  Defendant has a significant criminal history involving serious theft crimes and the Court would be apprehensive with a permanent bar to prosecution for the acts alleged out of concern for the victim and the public.  Finally, with all considered above, the Court does not find any bad faith by the Government or the Court in causing the delay.

Defendant alleges that the Court committed clear error in finding that dismissal should be without prejudice.  According to the standard for with prejudice dismissal discussed above, it appears as the Court did not commit clear error.  Here, the Court disagrees with Defendant as the Court did fully consider the number of days Defendant spent awaiting trial.  While the extended delay in this case was great, the Court concludes actual prejudice has not occurred and Defendant may be subject to reprosecution in this matter.  Thus, the Court will not grant Defendant's Motion for Reconsideration.  The Court finds that Defendant's pre-trial incarceration, while excessive, was not so excessive that actual prejudice occurred based on the

---

[2] The dissenting opinion in *Taylor,* while not controlling here, describes the Court's view on Defendant's arguments very well:
    This is the kind of case that reasonable judges may decide differently… But even on the remaining question whether the dismissal of two of the three counts pending against respondent should have been with or without prejudice, there is room for disagreement between conscientious and reasonable judges. The question, however, is one that district judges are in a much better position to answer wisely than are appellate judges. *Taylor* at 346.
[3] The United States Supreme Court cases reviewed and cited by this Court discuss the factors relevant to a with prejudice dismissal. Thus, in situations where the factors weigh against dismissal with prejudice, the Court has complete authority to find that dismissal is without prejudice. *Taylor,* 334; *See United States v. Engstrom,* 7 F.3d 1423 (9th Cir. 1993).

facts present in this specific case. The Court does, however, appreciate the length of Defendant's pre-trial incarceration. The Court hopes that this length of time be considered by any future court assigned in the event that Defendant is re-indicted.

## CONCLUSION

The Court hereby DENIES Defendant's Motion for Reconsideration.

So ORDERED this __1st.__ day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 1 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

*People v. Tedtaotao,*
Decision and Order
CF0093-12

- Page 5 of 5-